IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR 31 PM 4:53
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KLL
        DEPUTY

| | |
|---|---|
| CAP HOLDINGS, INC., D/B/A § <br> RECOVERY MANAGEMENT § <br> INTERNATIONAL, § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> GARY E. HAISLER, KATHLEEN A. § <br> LORDEN, URIKA R. MENDOZA, § <br> JUSTIN PRUITT, JUDITH C. RUSHING, § <br> AND JOYCE M. STEPHAN, § <br> DEFENDANTS. § | CIVIL NO. 1:13-CV-204-LY |

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Before the court are Defendants Gary E. Haisler, Kathleen A. Lorden, Urika R. Mendoza, Judith C. Rushing, and Joyce M. Stephan's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support filed June 14, 2013 (Clerk's Doc. No. 25), and Plaintiff CAP Holdings, Inc.'s Motion to Strike Defendants' Reply Brief filed July 22, 2013 (Clerk's Doc. No. 31). Also before the court is Defendant Justin Pruitt's Motion for Summary Judgment filed August 7, 2013 (Clerk's Doc. No. 35).

Plaintiff CAP Holdings, Inc., doing business as Recovery Management International ("CAP Holdings") commenced this action on March 13, 2013, alleging that a tax-foreclosure judgment of the 368th Judicial District Court of Williamson County, Texas in favor of the Georgetown [Texas] Independent School District[1] is null and void.[2] CAP Holdings further asks this court for a

---

[1] The state-court judgment reflects "Georgetown Independent School District" as plaintiff and "The County of Williamson, Texas" as intervenor. The state court rendered judgment jointly for both. The sheriff's deed, *see infra* note 2, transfers the property subject to the judgment to "Georgetown Independent School District, Trustee." This court presumes the district was acting as trustee for itself and the county, as refers to the district as "Georgetown ISD," regardless of capacity.

declaratory judgment that a sheriff's deed to Georgetown ISD, following a foreclosure sale pursuant to the tax-foreclosure judgment, is null and void. Defendants all own lots that are the subject of the foreclosure resulting from the state-court judgment. Title to all Defendants' lots arises from the sheriff's deed.[3] CAP Holdings also seeks a declaratory judgment that Defendants' lots are each burdened by a lien claimed by CAP Holdings.

Issue is joined over whether CAP Holdings has a valid deed-of-trust lien against the lots owned by Defendants.

## I. Background

Defendants all reside in the Crystal Knoll Terrace subdivision in Williamson County, Texas and hold warranty deeds on lots within that subdivision that are subject to the state-court foreclosure judgment. Defendants' deeds derive from the sheriff's deed that resulted from Georgetown ISD's foreclosure of a tax lien in the district's favor on larger tract, containing Defendants' lots.

By an Assignment and Bill of Sale effective March 20, 2009, CAP Holdings purchased a number of "assets" from JB Mortgage Co., LLC, including, *inter alia*, an asset designated "Jefferson Group $3,838,173.89 Judgment FL." From a review of CAP Holdings Amended Complaint, it appears that the asset is a September 21, 1990 judgment rendered in Florida against The Jefferson Group in the original amount of $5,197,244.83 (the "Florida Judgment"). CAP Holdings describes

---

The term includes the county, unless necessary to avoid confusion.

[2] The Sheriff of Williamson County signed two deeds. The first was recorded in the Official Records of Williamson County March 16, 1992. On May 14, 1992, the sheriff signed a "Corrected Sheriff's Deed" that was recorded the same day. For simplicity, both deeds are referred to as the "sheriff's deed."

[3] The sheriff's deed conveyed to Georgetown ISD 44.01 acres comprised of 201 lots.

the Florida judgment as an "*in personam* Agreed Judgment." Defendants do not dispute this description. The Florida judgment appears to arise out of a suit on a promissory note in the original principal amount of $5,500,000 executed by The Jefferson Group to Lincoln Federal Savings & Loan, a Florida savings and loan Association ("Lincoln"), on December 6, 1985. The note was secured by a deed of trust on a 94.809 acre tract of land in Williamson County, Texas that includes Defendants' lots. The note matured December 6, 1987.

Following the note's maturity, Lincoln failed and went into receivership, with the Resolution Trust Corporation ("RTC") as its receiver. The RTC brought a successful suit on the note against The Jefferson Group, resulting in the Florida Judgment. Sometime later, the RTC was succeeded by the Federal Deposit Insurance Corporation ("FDIC"). On July 3, 1996, the FDIC transferred to The Reliant Group, L.P. certain "assets" "'as is', 'with all faults', without representation or warranty, express or implied, as to ownership, title, collectibility, enforceability or any other matter." One such "asset" was the Florida Judgment, reflecting a "Transfer Balance" of $3,838,173.89.[4] The Reliant Group thus received what the FDIC held, no more and no less.

After several intervening assignments, CAP Holdings purchased the Florida Judgment from JB Mortgage. Neither Lincoln nor any successor has attempted to enforce the deed of trust securing the note from The Jefferson Group. CAP Holdings claims that in addition to the RTC's interest in the Florida Judgment, CAP Holdings also obtained, through the chain of assignments, the RTC's interest in the deed of trust.

---

[4] Specifically, the "asset" is described as: File Name: Jefferson Group; QC Loan #9250010014; Transfer Balance: $3,838,173.89; Type: Judgment; Account: RG00089023; FIN: 7047; state base on: FL; Brae Box: 3. The record does not reveal any payment or credit that resulted in the judgment's reduction from its original amount to that purchased by CAP Holdings. The difference has no bearing on any issue in this case.

Defendant Justin Pruitt moves for summary judgment, asserting that "the lien claimed by [CAP Holdings] is time barred and unenforceable." The remaining Defendants move to dismiss CAP Holdings' suit as time-barred and on other grounds as well.[5] CAP Holdings responds, *inter alia*, that Defendants lack standing "to assert the statutes of limitations."

Because this court concludes that Defendants have standing to present an affirmative defense of limitations, and any claim CAP Holdings may have has been time-barred since at least mid-June 1996, the court will grant Defendants' motions.

## II. Discussion

### A. Defendants' Standing to Assert Limitations

CAP Holdings attacks Defendants' standing to raise the affirmative defense that CAP Holdings' claims against them are barred by limitations. CAP Holdings directs the court to no persuasive authority to support its position. Article III of the United States Constitution requires a case or controversy. Having created the controversy by claiming a lien on property owned by Defendants, CAP Holdings cannot now say Defendants may not defend themselves against CAP Holdings' claims by asserting that those claims are time-barred. CAP Holdings' argument is of the boot-strap variety, positing that since CAP Holdings will prevail on the merits on its allegation that the tax-foreclosure judgment and subsequent sale are entirely void, Defendants may not assert that limitations bars the lien CAP Holdings seeks to enforce. The court rejects this argument.[6]

---

[5] As the interests of Defendants do not diverge, this court will refer to all Defendants simply as "Defendants," unless a particular Defendant must be identified for clarity.

[6] The Defendants, other than Justin Pruitt, assert lack of standing against CAP Holdings. They argue that CAP Holdings received by assignment only the *in personam* Florida judgment. CAP Holdings claims it was assigned the Florida judgment, the deed of trust, and the deed-of-trust lien. Like CAP Holdings, these Defendants seek to conflate lack of standing with lack of success on the

## B. CAP Holdings' Claims are Barred by Limitations

Defendants contend that the deed of trust given by The Jefferson Group to Lincoln, and the lien created by the deed of trust, may not be enforced due to the running of limitations.

Texas law provided at the time the deed of trust was made and at the time the Florida and tax-foreclosure judgments were rendered:

> (a) A person must bring suit for the recovery of real property under a lien debt or the foreclosure of a lien debt not later than four years after the day the cause of action accrues.
>
> (b) A sale of real property under a power of sale in a mortgage or deed of trust that secures a lien debt must be made not later than four years after the day the cause of action accrues.
>
> . . .
>
> (d) On the expiration of the four-year limitations period, it is conclusively presumed that a lien debt has been paid and the lien debt and a power of sale to enforce the lien become void at that time.

Act of May 17, 1985, 69th Leg., R.S., ch. 959, §1, 1985 Tex. Gen. Laws 3242, 3256 (current version at TEX. CIV. PRAC. & REM. CODE § 16.035 (West 2002)).

Federal law, however, works to extend the limitations period to six years, as the applicable limitations period is the period under state law or six years, whichever is longer. 12 U.S.C. § 1821(d)(14)(A)(i). As is germane to this case, the six-year period began to run on the date the cause of action accrued or the date the RTC was appointed receiver, whichever is later. 12 U.S.C. § 1821(d)(14)(B); *see First State Bank-Keene v. Metroplex Petroleum Inc.*, 155 F.3d 732, 734-35 (5th Cir. 1998); *Davidson v. FDIC*, 44 F.3d 246, 248 (5th Cir. 1995).

---

merits. CAP Holdings alleges an injury in fact that is fairly traceable to Defendants' predecessors and is likely to be redressed by a ruling in favor of CAP Holdings in this court. *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011); *Davis v. E. Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1998). The court denies Defendants' motion to dismiss for lack of standing, but revisits CAP Holdings standing in the court's conclusion.

The parties agree that The Jefferson Group's note to Lincoln matured December 6, 1987, and was not paid according to its terms. They likewise agree that the RTC was appointed receiver for Lincoln in mid-1990.[7] The court concludes that the applicable limitations period is that provided by federal law–six years from when the RTC was appointed receiver. The court further concludes that the limitations period expired for actions on both the note and deed of trust and, therefore, the lien created by the deed of trust in mid-1996.

The RTC, as receiver, brought suit against The Jefferson Group within the limitations period and recovered the Florida judgment in September 1990. To be determined by this court is when the right to foreclose the lien created by the deed of trust that secures the note that resulted in the judgment became time-barred.

Although not an exact match factually with the present case, *Davidson* travels much of the road this court must take to make the determination. The issue in *Davidson* was whether "the power of sale under a deed on trust [can be] extinguished when the note secured by the deed of trust is still enforceable." *Davidson*, 44 F.3d at 253. Like the case before this court, *Davidson* concerned a deed of trust secured by a lien on Texas real property. *Id.* at 251. To answer the question, the *Davidson* court looked to Texas state law. This court will do the same.

In Texas,

> It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect

---

[7] CAP Holdings places the date "[i]n or about June of 1990," Defendant Justin Pruitt "[i]n June 1990," and the other Defendants "in or about mid-1990." The exact date the RTC became receiver for Lincoln is unnecessary to the resolution on Defendants' motions, and the court will use "mid-1990."

> to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.

*Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935). The note and deed of trust constitute separate obligations and create two separate and severable rights that "may be litigated in separate lawsuits." *Stephens v. LPP Mortgage, Ltd.*, 316 S.W.3d 742, 747 (Tex. App.–Austin 2010, pet. denied) (citing *Carter*, 81 S.W.2d at 648). When a suit reduces a debt to a money judgment and it remains unsatisfied, "the lien-creditor may later bring suit for judicial foreclosure of the lien." *Id.* at 747-48. However, the limitations period of the mortgage "matches" that of the note. *Davidson*, 44 F.3d at 254. When the limitations period expires, the real-property lien and the power of sale to enforce the lien are time-barred. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, §1, 1985 Tex. Gen. Laws 3242, 3256 (current version at TEX.CIV.PRAC. & REM. CODE § 16.035 (West 2002)).

*National Asset Placement Corp. v. Western Securities* presents a fact situation almost the same as that here. 49 S.W.3d 420, 421 (Tex. App.–San Antonio 2001, pet. denied). National Asset Placement Corp. brought suit against real property owners seeking a declaratory judgment that the statute of limitations had not expired on a note it held and sought judicial or non-judicial foreclosure on a lien collateralizing the note. *Id.* at 421. The FDIC[8], within the limitations period, brought suit on the note and reduced its claim to an agreed judgment. *Id.* at 422. Subsequently, the FDIC assigned its right to collect the judgment to National Asset Placement Corp. Applying the federal statute of limitations, as does this court, the state court held that the federal limitations period applied

---

[8] That the RTC was the original receiver in the case before this court and the FDIC was receiver in *National Asset Placement Corp.* and *Davidson* is of no consequence to the outcome of this case. The FDIC succeeded the RTC. The law applies equally to both.

to the FDIC's successors-in-interest. *Id.* at 423 (citing *Jackson v. Thweatt*, 883 S.W.2d 171, 176 (Tex. 1994)).

The principles set forth in *Davidson* and *National Asset Placement Corp.* are persuasive. The court concludes that because the limitations period on the RTC's lien expired in mid-1996, the RTC and FDIC's rights in the deed of trust and the power of sale to enforce the lien granted by the deed of trust became time-barred, and CAP Holdings' claims are likewise time-barred.

### III. Conclusion

Because the court has concluded that CAP Holdings' claims under the deed of trust are time-barred, CAP Holdings lacks standing to challenge the tax-foreclosure judgment. For these reasons,

**IT IS HEREBY ORDERED** that Defendants Gary E. Haisler, Kathleen A. Lorden, Urika R. Mendoza, Judith C. Rushing, and Joyce M. Stephan's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Clerk's Doc. No. 25), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Justin Pruitt's Motion for Summary Judgment (Clerk's Doc. No. 35), is **GRANTED**.

SIGNED this __31st__ day of March, 2014.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE